IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEROY MASSEY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-2135 |
| | ) |
| MICHELLE KING,[1] | ) |
| *Acting Commissioner of Social Security,* | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 11th day of February, 2025, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.   *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the

---

[1] Michelle King is substituted as the defendant in this matter pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).   The Clerk is directed to amend the docket to reflect this change.

1

evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]    Plaintiff contends that the Administrative Law Judge ("ALJ") improperly found that he could perform his past relevant work as a parking lot attendant and failed to properly consider Rule 202.01 of the Medical-Vocational Guidelines (the "Grid Rule").  (Doc. No. 12).  Plaintiff also contends that the ALJ proposed an incomplete hypothetical to the Vocational Expert ("VE") resulting in an inaccurate outcome of not disabled.  (*Id.*). After reviewing the record, the Court disagrees with Plaintiff and finds that substantial evidence supports the ALJ's decision.

The ALJ determined that Plaintiff had the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a reduced range of light work.  Specifically, the claimant can stand and/or walk up to 6 hours and sit up to 6 hours in an 8-hour workday but can lift and/or carry a maximum of 10 pounds on a frequent basis.  The claimant can no more than frequently climb ladders, ropes, or scaffolds.  The claimant can tolerate up to occasional concentrated exposure to extreme cold and extreme heat (as those terms are defined in the Dictionary of Occupational Titles (DOT)[)].  The claimant must avoid exposure to dangerous heights or dangerous machinery.

(R. 21).  Based on this RFC, the ALJ concluded that Plaintiff could perform his past relevant work as a parking lot attendant, which the Dictionary of Occupational Titles ("DOT") defines as unskilled work with a specific vocational preparation level of 2 and is performed at the light exertional level.  (R. 25; DOT # 915.473-010).  The Court notes that while the ALJ's incorporated postural limitations, limiting Plaintiff to no more than frequently climbing ladders, ropes, or scaffolds, and environmental limitations, restricting Plaintiff to avoiding exposure to dangerous heights, may appear contradictory, this would not ordinarily compel a finding that there are not significant jobs available in the national economy and, therefore, would not constitute reversible error.  *See Bettis v. Comm'r of Soc. Sec.*, No. 12-3436, 2014 WL 4244233, at *3 (D.N.J. Aug. 25, 2014) (citing SSR 85-15, 1985 WL 56857, at *6) (noting the inclusion of postural limitations addressing climbing ladders, ropes, and scaffolds, in combination with a limitation to avoiding working at heights and with hazards, would not ordinarily compel a finding that there are not significant jobs available in the national economy that plaintiff could perform).

2

Plaintiff argues that the ALJ erred in finding that he could perform his past relevant work because the parking lot attendant job requires a full eight hour workday and his RFC limits him to sitting, standing, and walking for six hours per-day. (Doc. No. 12 at 3-6). Plaintiff also posits that his RFC limited him to a reduced range of light work, which does not align with the parking lot attendant job as this occupation requires a full range of light work. (*Id.*). The Court rejects this argument based on Plaintiff's misreading of the RFC. Plaintiff misunderstands his RFC, as the included standing and walking limitation is consistent with a full range of light work; it is Plaintiff's RFC carrying and lifting limitations that are equivalent to a reduced range of light work. Indeed, the regulations instruct that light work generally involves lifting "no more than 20 pounds at a time with frequent lifting and carrying of objects weighing up to 10 pounds" and "a good deal of walking or standing." 20 C.F.R. § 416.967(b). Social Security Regulation 83-10 clarifies that the full range of light work involves standing or walking, off and on, for a total of approximately six hours in an eight hour workday. SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983). Applying these authorities, Plaintiff's RFC involved a full range of light work except for the lifting and/or carrying limitation to 10 pounds. (R. 21). Further, Plaintiff's RFC accounts for a full eight-hour workday as it limits him to standing and/or walking up to six hours <u>and</u> sitting up to six hours. (*Id.*). Accordingly, Plaintiff's RFC allows him to perform the parking lot attendant job and Plaintiff's argument on this point is without merit.

The Court also rejects Plaintiff's argument that the ALJ posed an incomplete hypothetical to the VE. Plaintiff contends the ALJ never proposed the six hour limitation to standing and/or walking and sitting noted in his RFC to the VE. (Doc. No. 12 at 4). However, Plaintiff misunderstands the limitations inherent in the ALJ's hypothetical. Here, the ALJ began by asking the VE to classify Plaintiff's past work, which the VE determined to be parking lot attendant at DOT number 915.473-010. (R. 56). The ALJ then posed the following hypothetical to the VE:

> Would you please assume a hypothetical individual with the claimant's education, training and work experience. And this person would be capable of working at the *light exertional level*, except they would be capable of frequent ladders, ropes and scaffolds. There would be no other postural limitations. This person should avoid—this person can tolerate occasional—up to occasional concentrated exposure to extreme cold and extreme heat, as the DOT defines those terms. They should avoid exposure to dangerous heights or dangerous machinery. Is such a person capable of performing the job you listed as past work?

(R. 56-57) (emphasis added). The VE answered "yes" to this hypothetical. (R. 57). Additionally, the ALJ subsequently added the limitation of frequently lifting and carrying 10 pounds to the hypothetical and the VE determined that Plaintiff could still perform the

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED.

s/Mark R. Hornak, J.
United States District Judge

ecf:   Counsel of record

---

job of parking lot attendant given all of these limitations. (R. 57). Plaintiff overlooks that inherent in this hypothetical is the limitation to standing and/or walking six hours per-day and sitting 6 hours per-day. The ALJ included in the hypothetical the limitation to light exertional work which, as explained above, limited Plaintiff to standing and/or walking 6 hours per-day and sitting 6 hours per-day. 20 C.F.R. § 416.967(b); SSR 83-10, 1983 WL 31251, at *5-6. Accordingly, the hypothetical posed to the VE included all of Plaintiff's RFC limitations and Plaintiff's argument on this point is without merit.

Plaintiff also misunderstands the application of the Grid rules. Plaintiff argues the ALJ erred by failing to apply Grid Rule 202.01, which Plaintiff argues compels reversal in this case. (Doc. No. 12 at 3-5). The Grids direct conclusions of "disabled" or "not disabled" based on a claimant's vocational factors, including age, education, and work experience, and RFC. *See* 20 C.F.R. pt. 404, subpt. P, app. 2 § 200.00(a); *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). Grid Rule 202.01 applies to individuals of "advanced age" with a limited education and an unskilled work history. *See* 20 C.F.R. pt. 404, subpt. P, app. 2 § 202.01. While this Grid Rule may have applied to Plaintiff's case, Plaintiff overlooks that these rules only apply if the ALJ finds that the claimant cannot perform his or her past relevant work. *See Kee v. Barnhart*, No. 02-440-KAJ, 2004 WL 1534716, at *4 (D. Del. July 6, 2004); *see also Macera v. Barnhart*, 305 F. Supp. 2d 410, 420 (D. Del. 2004) (explaining that the guidelines are used at step five of the sequential process). Here, the ALJ correctly determined that Plaintiff could perform his past relevant work and, therefore, the analysis stopped at Step Four. Accordingly, Plaintiff's argument on this point fails.

All told, the ALJ's findings and conclusions are supported by substantial evidence. Therefore, the Court affirms the findings of the Commissioner.